IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANTHONY CHAMBERS | § | |
| (McLennan County #103895) | § | |
| | § | |
| V. | § | W-22-CA-424-ADA |
| | § | |
| UNITED STATES TREASURY | § | |

## ORDER

Before the Court is Plaintiff's complaint (#1). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McLennan County Jail. Plaintiff indicates that he is seeking money owed to him under the UCC which would allow him to make bail. Plaintiff claims that the United States Treasury owes him $100 million on the basis of a security interest Plaintiff perfected. Plaintiff claims that there is a contract based on his birth and social security number which entitle him to such payment. Plaintiff has also provided a "Letter With Intent," "Bill of Exchange," and "Truth Affidavit." Plaintiff makes clear that he is pursuing relief on the basis of "Redemptionist Theory" which "propounds that a person has a split personality: a real person and a fictional person called the 'Strawman'

1

purportedly come into being when the United States when off the gold standard in 1933." Pl. Letter With Intent (#4).

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.   Sovereign Immunity

Plaintiff's claims against the United States Treasury are barred by the doctrine of sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity). Therefore, the Court lacks jurisdiction over Plaintiff's claims.

C.   Wholly Frivolous

In any event, Plaintiff's claims are wholly frivolous and must be dismissed as such. Redemptionist theory is convoluted but essentially:

> propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1933, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008). Redemptionist theory also professes that, "when the United States Government 'pledged the strawman of its citizens as collateral for the country's debt' . . . it created an 'exemption account' for each citizen, identified by each person's Social Security number." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citing *Monroe*, 536 F.3d at 203 n.4; *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758-61 (W.D. Va. 2007)).

Courts around the country that have considered Redemptionist theory and other similar theories have routinely rejected them "as being frivolous and a waste of judicial resources." *In re Barnes*, 2010 Bankr. LEXIS 3450, 2010 WL 3895463, at *5 (citations omitted); *see also Barnes v. Citigroup, Inc.*, 2010 U.S. Dist. LEXIS 59140, 2010 WL 2557508, at *4 (E.D. Mo. 2010); *In re Fachini* 470 B.R. 638, 641 (Bankr. M.D. Ga. 2012); *In re Hayes*, 2011 Bankr. LEXIS 3675, 2011 WL 4566378, at *3 (Bankr. S.C. 2011); *In re Harrison*, 390 B.R. 590, 594-95 (Bankr. N.D. Ohio 2008); *Blocker v. U.S. Nat'l Ass'n*, 993 N.E.2d 1154, 1157-58 (Ind. Ct. App. 2013); *Stevenson v. Bank of America*, 359 S.W.3d 466, 468 n.6. (Ky. Ct. App. 2011). One court described the

3

Redemptionist theory that debtors may issue a bill of exchange requiring the government to pay their debts out of secret trusts as being "equal parts revisionist legal history and conspiracy theory." *Bryant*, 524 F. Supp. 2d at 758. Courts have consistently found that similar bills of exchange, notes, and letters of credit supposedly drawn on treasury accounts are not legal tender and are, in fact, nothing more than "worthless piece[s] of paper." *Id.; see also In re Walters*, 2015 Bankr. LEXIS 2077, 2015 WL 3935237, at *2 (Bankr. S.D. N.Y. June 25, 2015); *Blocker*, 993 N.E.2d at 1157-58; *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388, 393, 36 Cal. Rptr. 3d 176 (Cal. Ct. App. 2005). In short, the peculiar legal theories upon which the Plaintiff's claim is based have no basis in law.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further **ORDERED** that Plaintiff is warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a

final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  Tex. Gov't Code Ann. § 498.0045 (Vernon 1998).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the keeper of the three-strikes list.

**SIGNED** on May 6, 2022

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE